IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| GAILEN LEE DAVID, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:22-cv-287 (RDA/IDD) |
| | ) |
| EN POINTE PRODUCTIONS, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on a number of motions[1] filed by Plaintiff and Defendants, as well as the review of Magistrate Judge Ivan D. Davis's Report and Recommendation ("R&R") (Dkt. 128) on some of those motions by U.S. Magistrate Judge Ivan D. Davis and Defendants' Objections to the R&R (Dkt. 130). This Court has dispensed with oral argument as it would not aid in the decisional process. *See* Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). This matter has been fully briefed and is now ripe for disposition. Considering all the briefs that have been filed in this matter, for the reasons that follow the Court will: (i) GRANT-IN-PART and DENY-IN-PART the Motions to Enforce the Settlement Agreement and for Sanctions (Dkt. Nos. 42; 45); (ii) DENY Plaintiff's Motion for Disqualification of Defendants' Counsel (Dkt. 62); (iii) DENY Plaintiff's Motions to Seal (Dkt. Nos. 117; 132; 142); (iv) ADOPT-IN-PART Magistrate Judge Davis' R&R (Dkt. 128); (v) SUSTAIN-IN-PART and OVERRULE-IN-PART

---

[1] Although some of the documents to which this case refers are under seal, the rulings within this Memorandum Opinion and Order make clear that there is no basis to seal references to the Settlement Agreement or communications regarding settlement. Accordingly, this Memorandum Opinion and Order is not issued under seal. To the extent that either party believes that any sealed docket entry should be unsealed, that party should file a motion to lift the seal for Magistrate Judge Davis to resolve.

1

Defendants' Objections to the R&R (Dkt. 130); (vi) DENY Plaintiff's Cross-Motion to Enforce the Settlement Agreement (Dkt. 134); (vii) DENY Defendants' Motion to Strike (Dkt. 138); and (viii) DENY Plaintiff's Motions for Sanctions (Dkts 147, 148).[2]

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 17, 2022, Plaintiff Gailen Lee David filed his Complaint against fifteen named Defendants and fifteen John Doe Defendants, asserting twenty-three different claims. Dkt. 1. The Complaint revolves around disputes regarding a travel blog and television show that Plaintiff and some of the individual Defendants created. *Id.* On April 13, 2022, Plaintiff amended his Complaint. Dkt. 25.

On May 20, 2022, Magistrate Judge Davis granted a consent motion to extend the time for Defendants to respond to the Amended Complaint. Dkt. 40. Pursuant to the Order, Defendants had until June 17, 2022 to answer or otherwise respond to the Amended Complaint. *Id.* In the days that followed the entry of that Order, the parties signed the Settlement Agreement which purports to resolve all of the disputes between the parties. Dkt. 43-1. Despite the signed Settlement Agreement, cooperative efforts between the parties devolved. Plaintiff then issued discovery requests to Defendants and sought entry of default from the Clerk of the Court. Dkt. 41.

Defendants subsequently filed two Motions to Enforce the Settlement Agreement and for Sanctions. Dkt. Nos. 42; 45. Plaintiff, under the belief that the Settlement Agreement and related communications were privileged, then filed a series of emergency motions and an opposition to

---

[2] The R&R addressed three motions: (i) Defendants' two Motions to Enforce the Settlement Agreement and for Sanctions (Dkt. Nos. 42, 45); and (ii) Plaintiff's Motion for Disqualification of Defendants' Counsel (Dkt. 62). The other motions were filed either slightly before the R&R issued or after the R&R issued. Nevertheless, because all of the pending motions relate to the same general subject matter, it is appropriate to address all of the motions in one Memorandum Opinion and Order.

2

the motions to enforce. Dkt. Nos. 57; 59; 60; 61; 62; 75; 76. As part of Plaintiff's motions, Plaintiff sought to disqualify Defendants' counsel as potential advocate-witnesses. Dkt. 62. A hearing was held before Magistrate Judge Davis on July 7, 2022. That same day Magistrate Judge Davis issued an Order taking Defendants' Motions to Enforce the Settlement and for Sanctions and Plaintiff's Motion to Disqualify Defendants' Counsel under advisement. Dkt. 92. Magistrate Judge Davis also struck the discovery requests and the request for default, denied Plaintiff's motion for sanctions, and granted Defendants' motion to strike Plaintiff's motion for sanctions. *Id.*

Plaintiff then filed motions for clarification and for reconsideration. Dkt. Nos. 94; 95; 107. In those motions, Plaintiff again argued that sanctions were appropriate and that all documents referring to the Settlement Agreement should be sealed because they are privileged pursuant to Rule 408. *Id.* Judge Davis granted in part both of Plaintiff's motions but held in abeyance the issue of sealing. Dkt. 116.

On September 21, 2022, Plaintiff filed the first of the pending motions to seal (the "First Motion to Seal"). Dkt 117. The First Motion to Seal seeks sealing of all of the previous docket entries that refer to the Settlement Agreement or settlement communications based on Rule 408. *Id.* Plaintiff later filed two more motions to seal, which seek the sealing of other filings that refer to the Settlement Agreement or settlement communications. Dkt. Nos. 132 (the "Second Motion to Seal"); 142 (the "Third Motion to Seal"). Defendants oppose the sealing of any of the listed docket entries because of the public right of access to judicial records that Rule 408 does not overcome. Dkt. Nos. 122; 145.

On March 7, 2023, Judge Davis issued an R&R that recommended: (i) granting in part and denying in part the motions for enforcement of the Settlement Agreement and for sanctions; and (ii) denying the motion to disqualify defense counsel. Dkt. 128. Defendants object to the R&R to

3

the extent that it did not award Defendants attorneys' fees or otherwise sanction Plaintiff and Plaintiff's counsel. Dkt. 130. Plaintiff does not object to the R&R. Dkt. 134.

On March 31, 2023, Plaintiff filed a cross-motion to enforce the Settlement Agreement. Dkt. 134 ("Cross-Motion"). Plaintiff asserts that Defendants have breached the Settlement Agreement by: (i) not removing all negative or disparaging remarks about Plaintiff from the internet; (ii) refusing to issue retractions; and (iii) by failing to transfer the Savvy Stews trademark to Plaintiff. Dkt. 135. In response, Defendants moved to strike the Cross-Motion as untimely and as an improper objection to the R&R. Dkt. 140. Defendants also filed an opposition to the Cross-Motion, asserting that they have not breached the Settlement Agreement. Dkt. 139.

Finally, Plaintiff has filed two motions for sanctions. Dkt. Nos. 147; 148 (the "Sanctions Motions"). Plaintiff argues that Defendants should be sanctioned for failing to file certain documents under seal. *Id.* Defendants did not respond to the Sanctions Motions.

## II. ANALYSIS

Although the pending motions span almost one hundred docket entries, the parties' disputes cover three main issues: (i) is there an enforceable Settlement Agreement and, if so, against whom should it be enforced; (ii) is any party entitled to attorneys' fees or sanctions as a result of any breach of the Settlement Agreement; and (iii) what documents, if any, should be maintained under seal and should any party be sanctioned for failing to seal settlement communications. Each of these questions will be addressed in turn and the answers to those questions will resolve all of the pending motions.

A. The Settlement Agreement is Enforceable and Should be Enforced Against Plaintiff.

In the R&R, Judge Davis determined that the Settlement Agreement is an enforceable contract. Dkt. 130 at 7-8. The parties agree that the R&R should be reviewed *de novo*, because

the motions to enforce the settlement agreement are dispositive motions. 28 U.S.C. § 636(b).

As Judge Davis correctly found, the Settlement Agreement is "a clear, definite, and explicit agreement leaving nothing open for negotiation," which reflects an agreement "to settle and dismiss all claims [Plaintiff] has or may have against the [Defendants] in exchange for a monetary payment[,] among other things." Dkt. 128 at 6-7 (citing cases). No party has objected to the R&R on the basis that the Settlement Agreement is not enforceable. Nor could they reasonably do so, as the Settlement Agreement is a clear agreement to settle the case and was executed by all of the relevant parties. Dkt. 43-1.[3]

Having determined that the Settlement Agreement is enforceable, the Court must next determine who has breached it. Defendants argue that Plaintiff breached the Settlement Agreement by refusing to accept the settlement payment contemplated and by continuing to litigate the claims in his Amended Complaint. Dkt. 43 at 15. The Settlement Agreement provides that "this Agreement settles all claims, counterclaims, and third-party claims between and among them" and further provides that "Plaintiff promises that within two (2) days after the Jet Set Defendants make the Settlement Payment, Plaintiff will dismiss the Action with prejudice." Dkt. 43-1 ¶¶ 2, 3. The Settlement Agreement also provides that it represents the entire agreement between the parties. *Id.* ¶ 23. Despite these provisions of the Settlement Agreement, Plaintiff refused to accept payment and continued to litigate his claims. Dkt. 43-10 (email from Plaintiff's

---

[3] At points in this litigation, Plaintiff has suggested that the Settlement Agreement is void. Plaintiff now appears to withdraw those arguments. The possibility that Plaintiff might now have second thoughts about the results of the agreement do not justify setting aside an otherwise valid agreement. *Young v. FDIC*, 103 F.3d 1180, 1195 (4th Cir. 1997) ("[H]aving second thoughts about the results of a settlement agreement does not justify setting aside an otherwise valid agreement."); *Snyder-Falkinham v. Stockburger*, 249 Va. 376, 385 (1995) ("Once a competent party makes a settlement and acts affirmatively to enter into such settlement, her second thoughts at a later time upon the wisdom of settlement do not constitute good cause for setting it aside.").

5

counsel indicating that "Plaintiff will not accept any settlement payment from your Defendants . . . and under no circumstances will Plaintiff dismiss the suit without your Defendants' performance"). The Settlement Agreement does not permit Plaintiff to take such actions. Accordingly, Plaintiff is in breach.

Plaintiff argues that Defendants are also in breach of the Settlement Agreement. Dkt. 134. Plaintiff contends that Defendants have failed to remove disparaging content, issue retractions, and transfer the Savvy Stews trademark. Dkt. 135 at 5-6. Plaintiff's arguments fail. To begin with, Defendants have produced documentation that demonstrates that the Savvy Stews Trademark *has* indeed been conveyed to Plaintiff. Dkt. 43-19 (Confirmation Receipt of Trademark Assignment System). Plaintiff does not contradict or dispute that documentation. Thus, Defendants are not in breach of that requirement.

Second, Plaintiff argues that paragraph 13 of the Settlement Agreement requires Defendants to remove disparaging content from websites *that they control*. Dkt. 43-1 ¶ 13. Plaintiff does not dispute that, with respect to any websites that Defendants own, disparaging material has been removed. Dkt. 135 at 4. But Plaintiff contends that Defendants should make efforts to remove any content from websites like web.archive.org, otherwise known as The Wayback Machine. As the parties acknowledge elsewhere in the Settlement Agreement, "Defendants have no control over such archiving" on other websites and specifically lack control over The Wayback Machine. Dkt. 43-1 ¶ 12. A contract's meaning "is to be gathered from all its associated parts assembled as the unitary expression of the agreement of the parties." *Berry v. Klinger*, 225 Va. 201, 208 (1983). It would be inconsistent to interpret the Settlement Agreement to acknowledge that Defendants have no control over archival websites, like The Wayback Machine, in paragraph 12, but to hold that such websites are something "they control" such that

Defendants have an obligation to remove material under paragraph 13. Dkt. 43-1 ¶¶ 12-13. Accordingly, Defendants are not in breach of the Settlement Agreement by refusing to seek removal of any archived disparaging documents on websites not controlled by Defendants.

Finally, Plaintiff argues that Defendants are in breach because they have refused to issue retractions of any statements that were later reported by the press. Dkt. 135 at 5. Again, Plaintiff argues that this is mandated by paragraph 13 of the Settlement Agreement, which requires Defendants to "remove all negative or disparaging remarks . . . from all social media, websites, or other forms of communications that *they control*." Dkt. 43-1 ¶ 13 (emphasis added). Forcing Defendants to issue retractions goes well beyond what is contemplated in paragraph 13 and would alter the nature of the parties' agreement. Moreover, that Defendants would have to issue retractions in order for these third-party websites and internet organizations to take action demonstrates that these third-parties are not within Defendants' control. Dkt. 135 at 5. Accordingly, Defendants are not in breach of the Settlement Agreement for refusing to issue such retractions.

The result is therefore that Plaintiff has breached the Settlement Agreement and Defendants have not. To enforce the Settlement Agreement, Plaintiff will be directed to accept payment of the $50,000 currently maintained in defense counsel's trust account and this case will be dismissed with prejudice. The Court will retain jurisdiction to enforce any other provisions of the Settlement Agreement. *Smyth v. Rivero*, 282 F.3d 268, 283 (4th Cir. 2002). Thus, Defendants' motions to enforce the Settlement Agreement will be granted and the R&R will be adopted in that regard. Additionally, Plaintiff's Cross-Motion will be denied.[4]

---

[4] Because the Cross-Motion is denied, the Motion to Strike the Cross-Motion (Dkt. 138) will be denied as moot.

B. Defendants are Entitled to Attorneys' Fees, But No Sanctions Will be Imposed

Defendants objected to the R&R to the extent that Judge Davis did not discuss or award attorneys' fees pursuant to the Settlement Agreement and to the extent Judge Davis declined to impose sanctions. Dkt. 130. The Settlement Agreement specifically provides that "if any party is required to institute any action or *proceeding* to enforce this Settlement Agreement, the prevailing party shall be entitled to recover from the breaching party all sums expended by the prevailing party to enforce this Settlement Agreement, including reasonable attorneys' fees, the costs of consultants and expert witnesses, and court costs." Dkt. 43-1 ¶ 19. As discussed *supra*, Plaintiff breached the Settlement Agreement and Defendants were required to file the motions to enforce the Settlement Agreement. Thus, paragraph 19 clearly applies, and Defendants are entitled to reasonable attorneys' fees related to *the proceedings to enforce this Settlement Agreement*.[5]

On this record, the Court is not able to discern what attorneys' fees are sought, what fees are reasonable, and which of the many filings on the docket are actually proceedings to enforce the Settlement Agreement. Thus, Defendants will be directed to file a motion and brief in support that specifically sets forth what fees Defendants seek to recover, to what filings those fees relate and why those filings are covered by the Settlement Agreement, and the records supporting those fees (including the associated time entries). Plaintiff will be afforded an opportunity to respond and the matter will be referred to Magistrate Judge Davis.

Defendants also object that Magistrate Judge Davis did not recommend imposing sanctions against Plaintiff and Plaintiff's counsel pursuant to the Court's inherent authority or pursuant to 28 U.S.C. § 1927. Dkt. 130. The only sanctions that Defendants seek in their Objections appear

---

[5] Because Defendants did not breach the Settlement Agreement, Plaintiff is not entitled to recover his attorneys' fees.

to be "fees and costs." Dkt. 130 at 11. A district court's decision concerning the imposition of sanctions is largely discretionary. *Blue v. U.S. Dep't of the Army*, 914 F.2d 525, 538-39 (4th Cir. 1990). Because Defendants are already entitled to recover their fees and costs pursuant to the Settlement Agreement, it appears unnecessary, duplicative, and overly punitive to impose an additional monetary sanction that Defendants have not quantified or otherwise identified in their briefs. Moreover, Defendants do not adequately distinguish among the motions filed by Plaintiff. For instance, Plaintiff's Motion for Clarification was granted in part by Judge Davis and otherwise held in abeyance. Dkt. 116. Finally, although Defendants allege that the only possible motive for Plaintiff's filings were vexatious, there appears – at least with respect to Plaintiff's argument concerning the confidentiality of Rule 408 materials – a "glimmer" of support such that it was not entirely frivolous. *Hoover Universal, Inc. v. Brockway Imco, Inc.*, 809 F.2d 1039, 1044 (4th Cir. 1987). Plaintiff cited to language from *Goodyear Tire & Rubber Co. v. Chiles Power Supply Inc.*, 332 F.3d 976, 980 (6th Cir. 2003), that appears, on first glance, to support his position by stating: "we believe a settlement privilege serves a sufficiently important public interest and therefore should be recognized." *Id.* Thus, the Court will decline to exercise its discretion to impose sanctions on Plaintiff or his counsel pursuant to either Section 1927 or the Court's inherent authority.

In sum, Defendants are entitled to recover attorneys' fees and costs pursuant to the Settlement Agreement, but Defendants have not yet established what those fees and costs are. Accordingly, Defendants will be directed to file a motion quantifying the fees sought and establishing the reasonableness of and the basis for those fees. The Court will decline to impose any sanctions on Plaintiff or Plaintiff's counsel, because the sanctions sought by Defendants: (i) duplicate the recovery provided for in the Settlement Agreement; (ii) are not quantified outside

of the request for attorneys' fees and costs; and (iii) do not distinguish amongst the motions filed in this matter. Thus, the Objections will be sustained in part and overruled in part.

### C. The Settlement Materials Were Not Required to Be Filed Under Seal

Plaintiff has three pending motions to seal. Dkt. Nos. 117; 132; 142. In each of those motions, Plaintiff essentially argues that the Settlement Agreement and settlement communications were required to be filed under seal. In doing so, Plaintiff relies on the *Goodyear* decision from the Sixth Circuit which notes that "we believe a settlement privilege serves a sufficiently important public interest and therefore should be recognized." 332 F.3d at 980. Importantly, however, that case did not involve a motion to enforce a settlement agreement and the Sixth Circuit was primarily concerned with *third-parties* seeking to use settlement materials against one of the parties to the settlement, rather than restricting the *parties* to the settlement. *See id.* (discussing that parties should be "confident that their proposed solutions cannot be used on cross examination, under the ruse of 'impeachment evidence,' by some future third party"). The *Goodyear* decision thus does not answer the question here. Moreover, Rule 408 could not provide the sole basis on which to seal the disputed documents, because it is merely a Rule of Evidence and determines what evidence is admissible – not how documents are filed on the docket. *See* Fed. R. Evid. 408.

Defendants correctly note that there is a well-established right of public access to judicial records that derives from the First Amendment and the common law. Dkt. 122 at 5. Courts specifically addressing the interaction between the public right of access and the private party's interest in confidentiality of settlement agree that, where parties seek judicial enforcement of a settlement agreement, it is no longer subject to confidentiality. *See, e.g., Bank of Am. Nat. Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 345 (3d Cir. 1987) ("Having undertaken

to utilize the judicial process to interpret the settlement and to enforce it, the parties are no longer entitled to invoke the confidentiality ordinarily accorded settlement agreements. Once a settlement is filed in the district court, it becomes a judicial record and subject to the access accorded such records.").[6] Here, Plaintiff's motions to seal would impact the majority of the docket entries in this case, because, outside of the filings related to the Complaint and Amended Complaint, the filings in this case all concern the enforcement of the Settlement Agreement. If all those documents were sealed, the public would be left confused as to the status of this case where no answer or motion to dismiss has been filed and where Plaintiff's request for entry of default was struck. Accordingly, the motions to seal (Dkt. Nos. 117; 132; 142) will be denied.[7]

Because sealing the Settlement Agreement and related settlement communications is inappropriate, Plaintiff's Motions for Sanctions (Dkt. Nos. 147; 148) premised on Defendants' failure to file such documents under seal will also be denied. Plaintiff argues that Defendants acted in bad faith by failing to file under seal documents concerning the Settlement Agreement. Dkt. 148. Although Plaintiff notes that Judge Davis directed the parties to file exhibits regarding settlement agreements in compliance with Local Rule 5 (which governs sealing), Judge Davis did

---

[6] *See also, Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) ("For the most part settlement terms are of potential public interest only when judicial approval of the terms is required, or they become an issue in a subsequent lawsuit, or the settlement is sought to be enforced."); *Gray v. Am. Marine Design Corp.*, No. 3:20-CV-1311-BJD-LLL, 2022 WL 19842899 (M.D. Fla. Aug. 10, 2022) (denying motion to seal a settlement agreement in the context of a motion to enforce the settlement).

[7] To the extent Plaintiff relies on the six-factor test for sealing set forth by the D.C. Circuit in *United States v. Hubbard*, 650 F. 2d 293 (D.C. Cir. 1996), those factors also counsel against sealing. The need for public access to the documents at issue is great where the documents are at the heart of the parties' dispute and cover most docket entries in the case. Moreover, as the caselaw set forth above establishes, the privacy interests of Plaintiff are diminished where there is a dispute over the settlement agreement. The possibility of prejudice is also minimal where the Settlement Agreement simply reveals that the parties have agreed to resolve their dispute and that Defendants will remove disparaging information regarding Plaintiff from the internet.

11

not directly order that all settlement documents be filed under seal and Rule 5 expressly indicates that motions to seal are disfavored and discouraged. E.D. Va. L.R. 5(c). Moreover, as discussed *supra* the public has a compelling interest for traditional access to the settlement documents that provide the basis for the parties' dispute, such that the failure to file under seal does not harass or embarrass Plaintiff. Accordingly, there is no basis on which to impose sanctions and the Motions for Sanctions will be denied.

## IV. CONCLUSION

For the reasons articulated in this opinion, it is hereby ORDERED that Judge Davis' Report and Recommendation (Dkt. 128) is ADOPTED-IN-PART, insofar as it finds the Settlement Agreement Enforceable, recommends granting the motions to enforce the Settlement Agreement, and recommends denying the motion to disqualify defense counsel; and it is

FURTHER ORDERED that Defendants' Motions to Enforce the Settlement Agreement and for Sanctions (Dkt. Nos. 42; 45) are GRANTED-IN-PART AND DENIED-IN-PART, the motions are granted insofar as they seek to enforce the Settlement Agreement and denied insofar as they seek the imposition of sanctions; and it is

FURTHER ORDERED that Plaintiff's Motion to Disqualify Defense Counsel (Dkt. 62) is DENIED; and it is

FURTHER ORDERED that Defendants' Objections to the R&R (Dkt. 130) are SUSTAINED-IN-PART AND OVERRULED-IN-PART, the objections are sustained insofar as they seek an award of attorneys' fees pursuant to the Settlement Agreement and are overruled insofar as they seek the imposition of sanctions; and it is

FURTHER ORDERED that Plaintiff is DIRECTED to file a motion for attorneys' fees within FOURTEEN (14) Days of the issuance of this Memorandum Opinion and Order, which

specifically sets forth what fees Defendants seek to recover, to what filings those fees relate and why those filings are covered by the Settlement Agreement; and it is

FURTHER ORDERED that the motion for attorneys' fees is REFERRED to the assigned magistrate judge pursuant to 28 U.S.C. § 636; and it is

FURTHER ORDERED that Plaintiff's Motions to Seal (Dkt. Nos. 117; 132; 142) are DENIED; and it is

FURTHER ORDERED that Plaintiff's Motions for Sanctions (Dkt. Nos. 147; 148) are DENIED; and it is

FURTHER ORDERED that Plaintiff's Cross-Motion to Enforce the Settlement Agreement (Dkt. 134) is DENIED; and it is

FURTHER ORDERED that Defendants' Motion to Strike (Dkt. 138) is DENIED; and it is

FURTHER ORDERED that Defendants are DIRECTED to transmit to Plaintiff the $50,000 payment agreed to in paragraph 1 of the Settlement Agreement; and it is

FURTHER ORDERED that this case is DISMISSED WITH PREJUDICE pursuant to the Settlement Agreement.

The Clerk is directed to forward this Memorandum Opinion and Order to counsel of record and the Clerk of the Court is further directed to close this civil action.

It is SO ORDERED.

Alexandria, Virginia
September 11, 2023

/s/
Rossie D. Alston, Jr.
United States District Judge